USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2357 No. 93-2383 UNITED STATES OF AMERICA, Appellee, v. PASQUALE PERROTTA, Defendant, Appellant. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ____________________ Charles K. Stephenson with whom Richard L. Goldman was on brief ______________________ ___________________ for appellant. Kevin O'Regan, Assistant United States Attorney, with whom ______________ Donald K. Stern, United States Attorney, was on brief for the United _______________ States. ____________________ December 27, 1994 ____________________ BOUDIN, Circuit Judge. Pasquale Perrotta was indicted _____________ for participating in a large-scale narcotics conspiracy, 21 U.S.C. 841, 846, and for possession with intent to distribute cocaine on a specific date. 21 U.S.C. 841. In 1990, Perrotta was tried, with 12 co-defendants, and was convicted on both the conspiracy and possession counts. We resolved the appeals of a number of Perrotta's co-defendants in United States v. Innamorati, 996 F.2d 456 (1st Cir.), ______________ __________ cert. denied, 114 S. Ct. 409, 114 S. Ct. 459 (1993), 114 S. ____________ Ct. 1072, 114 S. Ct. 1073 (1994). Perrotta's sentencing occurred on December 7, 1993. The delay is presumably related to the government's willingness, at sentencing, to move for a downward departure under U.S.S.G. 5K1.1. The court computed the guideline range as providing for 97 to 121 months of imprisonment but, approving a downward departure, the court sentenced Perrotta to 60 months in prison, with three years' supervised release to follow. Perrotta has now appealed. Perrotta's first point concerns the unusual action of the government in making a post-trial submission to the district court, neither the contents nor the existence of the submission being known to the defendants at the time. See ___ Innamorati, 996 F.2d at 487. The government, in addition to __________ providing reasons for its secrecy, asked the district court to determine whether the information fell under the Brady _____ -2- -2- doctrine and had to be disclosed to the defense. Id. In the ___ course of the Innamorati appeals, this court ordered that the __________ existence of the government's submission and the relief sought be disclosed to the defense while the contents remained impounded. Id. ___ This court eventually sustained the convictions in Innamorati. We agreed that secret submissions are dangerous __________ and are to be discouraged; but we found, after a review of the actual submission, that there had been an adequate basis for filing the submission in the district court under seal and without notice to defense counsel; that there was adequate cause to continue the impoundment of the submission (even though the existence of the submission might now be made known); and that the contents of the submission either did not constitute Brady material or could not conceivably _____ have affected the outcome of the case. 996 F.2d at 487-88. Perrotta does not seek to relitigate the legal rulings just described but makes two narrower claims concerning the disclosed material. First, he suggests that since more time has now elapsed since the original submission, it must now be safe to have the contents of the submission disclosed, so that Perrotta's defense counsel can make his own judgment and argue more effectively that the material could constitute a prejudicial withholding of Brady information. Alternatively, _____ Perrotta speculates as to what the withheld submission might -3- -3- contain and suggests that the material has a special bearing as to him that may not have been true of his co-defendants. The contents of the government's original submission have again been reviewed by this court. We remain of the view that the government's reasons for not disclosing the contents of the material remain valid, despite the passage of additional time. And having considered Perrotta's suggestion that the material may be specially pertinent to him, the government's submission has been re-examined in that light, but with no difference in result: there has been no withholding from Perrotta of Brady material that could have _____ altered the result in his case. Perrotta's second claim of error relates to his sentencing. The amount of drugs attributed to Perrotta was stipulated but, in calculating this guideline range, a dispute arose concerning his criminal history based on the following events. Perrotta had been convicted and sentenced in 1976 for a gambling offense, but the conviction had been overturned on appeal. See United States v. Perrotta, 553 ___ _____________ ________ F.2d 247 (1st Cir. 1977). Perrotta then pled guilty to the offense on remand and was resentenced on April 24, 1978. The question is whether the 1978 sentence affects Perrotta's criminal history score. The Sentencing Guidelines provide that one point should be added to a defendant's criminal history score for each -4- -4- "prior sentence" where, as was true of Perrotta's gambling conviction, the sentence was less than 60 days' imprisonment. U.S.S.G. 4A1.1(c). The guidelines provide a kind of statute of limitations for prior sentences used in computing criminal history. For prior sentences of 13 months or less, points are to be added only for "any . . . [such] prior sentence that was imposed within ten years of the defendant's commencement of the instant offense . . . ." Id.  ___ 4A1.2(e)(2). Perrotta and the government agree that Perrotta's original 1976 sentence occurred more than ten years before the "instant" drug conspiracy began, but that the 1978 sentence occurred within ten years of the beginning of the conspiracy. The 1978 sentence is, in the literal words of the guideline, a "prior sentence that was imposed within ten years" of the instant offense. U.S.S.G. 4A1.2(e)(2). The guidelines reinforce this literal reading by treating the 1976 sentence as a nullity; a sentence resulting from a conviction that has been "reversed or vacated" is not to be counted. U.S.S.G. 4A1.2, comment. (n. 6). There is consistent case law to this effect, e.g., United States v. ____ ______________ Schweihs, 971 F.2d 1302, 1318 (7th Cir. 1992). Thus on the ________ face of the guidelines, the district court was correct in including the 1978 sentence as part of Perrotta's criminal history. -5- -5- There is no reason to doubt that the Sentencing Commission meant what it said. Although the gambling offense itself may have occurred more than ten years before the drug conspiracy began, the Commission could reasonably conclude that criminal history points should be added in the case of a defendant who, within ten years of sentencing, determined to commit yet another crime. To the extent that the sentencing is treated as a warning that should give the defendant special pause for the next decade, the fact that it is a resentencing after a remand makes no difference. Finally, we reject Perrotta's suggestion that adding a point because of the 1978 sentence is an unconstitutional burden on his right to appeal his original conviction for gambling. Defendants are protected against unreasonable burdens on their right to pursue judicial remedies but not against every incidental and remote disadvantage that may attach. See North Carolina v. Pearce, 395 U.S. 711 (1969); ___ _______________ ______ Beauchamp v. Murphy, 37 F.3d 700 (1st Cir. 1994). There is _________ ______ virtually no chance that a defendant will fail to appeal because of the fear that a decade later he may be subject to an additional criminal history point if he chooses to commit __ another crime. Perrotta's argument regarding the secret submission is a serious one, and we have treated the first claim of error briefly only because the underlying secrecy issue was -6- -6- extensively considered in Innamorati. On the sentencing __________ issue, Perrotta's claim is also not frivolous but we think that the merits are clear enough that we need not consider whether, in view of the district court's downward departure, Perrotta's precise criminal history category had any likely effect on the sentence. Affirmed. ________ -7- -7-