**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald J. KLUMP, Defendant–Appellant.**

**No. 94–30245.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 1995.*

Decided June 12, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

J.A. Tompkins, Lloyd A. Kerman & Associates, Spokane, WA, for defendant-appellant.

Thomas O. Rice, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

We are asked whether, at resentencing, a trial court may count an unrelated sentence imposed after the original sentence as a "prior sentence." We answer that it may and we affirm.

## I

Sometime before April, 1992, Klump conspired to murder Pamela Norman. In 1993, he pleaded guilty in state court to this offense.

In October, 1992, he pleaded guilty in federal court to threatening a law enforcement officer and being a felon in possession of a firearm and was sentenced. He appealed his sentence and, in 1994, we remanded for resentencing. When the district court resentenced, it included the unrelated 1993 state conviction as a "prior sentence" under U.S.S.G. § 2K2.1(a)(4) and enhanced his sentence. He appeals.

## II

Klump argues that the date of his original sentencing is a "watershed" date, after which additional sentences may not be construed or counted as "prior sentences" at resentencing. We review de novo an interpretation of the Sentencing Guidelines. *United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994).

No court has addressed this issue.[1] The Guidelines do not provide guidance for the specific problem here; they define a prior sentence as "a sentence imposed prior to the sentencing on the instant offense, other than a sentence for conduct that is part of the

---

1. The Fifth Circuit faced the same facts, but did not address the issue because the defendant failed to preserve it for appeal. *United States v. Bleike*, 950 F.2d 214, 219–20 (1991).

instant offense." U.S.S.G. § 4A1.2, comment. (n. 1).

■ Generally, a court may take into account at resentencing "any evidence relevant to sentencing." *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994). Resentencing on remand is de novo but the court may not consider post-sentencing conduct or conduct beyond the scope of a limited remand. *Id.* (citations omitted).

■ The court in this case did not consider post-sentencing conduct, but rather a post-sentencing sentence. As the state court sentence represents Klump's prior conduct, the policy behind *Caterino* is not undermined by counting the state court sentence as a "prior sentence." [2] The conspiracy to commit murder preceded by at least six months the first federal sentencing. This court's remand was general, not limited. *Id.* at 1395 (remand presumed to be general). Accordingly, the general rule that resentencing is de novo applies and the court correctly found that the state sentence was a "prior sentence."

**AFFIRMED.**

---

**2.** This court recently held that "[e]ven a state conviction for conduct which occurred after the defendant's federal offense, but for which the defendant was sentenced before his sentencing on the federal offense, is properly counted as a prior sentence." *United States v. Merino,* 44 F.3d 749, 755 (9th Cir.1994).