USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit
No. 98-1995 UNITED STATES, Appellee, v. JULIO RAMIREZ-BURGOS, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] Before Stahl, Circuit Judge, Kravitch,* Senior Circuit Judge, and Lipez, Circuit Judge. Timothy C. Blank, Barry S. Pollack, and Dechert Price & Rhoads
on brief for appellant. Camille Velez-Rive, Assistant United States Attorney, Jorge E.
Vega-Pacheco, Assistant United States Attorney, and Guillermo Gil,
United States Attorney, on brief for appellee.
May 18, 1999 _____________________
*Of the Eleventh Circuit, sitting by designation. Per curiam. A jury convicted defendant Julio Ramirez-
Burgos of aiding and abetting two armed carjackings, see 18 U.S.C. 2119 and 2, and using a firearm during the commission of a
violent crime, see 18 U.S.C. 924(c). Initially, the district
court sentenced defendant to concurrent 360-month terms on the
counts of conviction pertaining to the carjackings (Counts One and
Two), and a consecutive 60-month term on the firearm count (Count
Three). On May 21, 1997, we affirmed Ramirez's convictions and
sentences in all respects except insofar as the sentences for
Counts One and Two exceeded the respective statutory maximums of
300 months and 180 months. See United States v. Ramirez-Burgos,
114 F.3d 1170 (table), 1997 WL 268695, at ** 2-8 (1st Cir. 1997)
(unpublished decision). In doing so, we vacated "so much of the
sentence as reflects a higher [than the statutory maximum] term for
Counts One and Two" and "remanded to the district court with
directions that the court enter a sentence in accordance with [our]
decision." Id. at ** 8. On remand, the district court entered an "Order
Correcting Sentence on Remand." In the order, the court committed
defendant "to the custody of the Bureau of Prisons to be imprisoned
for a term of three-hundred (300) months as to Counts One and Two,
to be served concurrently with each other . . . ." The order made
clear the district court's intention to sentence defendant at the
statutory maximums on Counts One and Two, but overlooked the fact
that the statutory maximum on Count Two is 180 months, and not the
300-month statutory maximum applicable to Count One. Defendant appeals again, challenging the 300-month
sentence imposed on Count Two and asserting that the district court
erred in failing to hold a post-remand sentencing proceeding at
which his lawyer could appear and present arguments on his behalf. Defendant also advances three challenges to his sentences and
convictions that are either new or were addressed in our earlier
opinion: (1) the government violated defendant's due process rights
by taking inconsistent factual positions at his sentencing and at
the sentencing of a cooperating co-defendant with respect to the
"serious bodily injury" and "reckless endangerment for flight"
enhancements defendant received; (2) defendant's convictions are
unlawfully tainted because the government provided his co-defendant
with things of value in exchange for his cooperation; and (3) the
court abused its discretion by failing to specify the extent of its
two upward departures from the guideline sentencing ranges
applicable to defendant's convictions. As our remand was solely for the purpose of correcting
defendant's sentences on Counts One and Two to the extent they
exceeded the applicable statutory maximums, the court did not err
in simply issuing a written order without convening a separate
sentencing proceeding. Nor was defendant entitled to have the
court entertain the three attacks on his convictions and sentences
that he now advances and readvances. See United States v.
Ticchiarelli, 171 F.3d 24, 30-33 (1st Cir. 1999) (when resentencing
after a remand, district court should consider only new arguments
or new facts made newly-relevant by the intervening decision of the
court of appeals). In so ruling, we reject as insufficiently
elaborated in light of defendant's failure to meet head-on the
government's assertion that defendant knew at his original
sentencing that his co-defendant had not received "serious" bodily
injury or "reckless endangerment for flight" enhancements defendant's suggestion that he previously was prevented from
raising his "inconsistent factual positions argument" because his
co-defendant's sentencing was conducted under seal. Finally,
because there is absolutely no doubt that the district court
intends to sentence defendant at the statutory maximum on Count Two
(with the sentence on Count Two to run concurrent to the lawful
300-month sentence on Count One), and because we already have
confirmed that such sentences are lawful, we exercise our statutory
discretion to "modify . . . any judgment, decree, or order of a
court lawfully brought before [us] for review," 28 U.S.C. 2106,
and order that the district court's sentencing judgment be modified
so as to commit defendant "to the custody of the Bureau of Prisons
to be imprisoned for a term of three-hundred (300) months as to
Count One, one-hundred and eighty (180) months as to Count Two, to
be served concurrently with each other, and sixty (60) months on
Count Three, to be served consecutively to Count One." Affirmed as modified.