MICHAEL, Circuit Judge,
dissenting.
When Jones appealed the first time, we vacated his 17 1/2-year prison sentence and remanded for resentencing “in accordance with the statutory maximum for the least-punished object of the [drug] conspiracy (distribution of marijuana).” United States v. Jones, 17 Fed.Appx. 240, 250 (4th Cir.2001) (unpublished) {Jones I). At re-sentencing Jones was subject to a maximum prison term of five years or, if the government gave proper notice of its intent to rely on his prior felony drug conviction, ten years. See 21 U.S.C. §§ 841(b)(1)(D); id. § 851. The district court resentenced Jones to a ten-year term of imprisonment, and our court affirms. I respectfully dissent. The government did not file its § 851 notice “before trial” as the statute requires. Rather, it waited until after jury selection was under way to notify Jones that it intended to use his prior drug conviction to enhance his sentence. Jones objected to the, late filing at resentencing, and he had not previously waived his right to object. Because the § 851 notice was late, I would vacate Jones’s sentence once again and remand for him to be resentenced in accordance with the five-year statutory maximum.
I.
Section 851(a), the notice provision, reads: “No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial ... the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.” 21 U.S.C. § 851(a) (emphasis added). The purpose of § 851’s notice requirement is to give a defendant ample time to decide whether to plead guilty or go to trial. If he chooses trial, he does so with full knowledge of the potential sentencing consequences of a guilty verdict. See United States v. Johnson, 944 F.2d 396, 407 (8th Cir.1991).
It is true that Jones did not raise any argument about the late filing of the § 851 information at his initial sentencing or in his initial appeal. And it is true, as Judge Williams points out, that an issue not raised on a first appeal is generally considered to be waived (or more accurately, forfeited). Ante at 848. But an issue is not waived if the defendant did not “have both an opportunity and an incentive to raise it before the sentencing court or on appeal.” United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir.2002) (emphasis added). Simply put, a “ ‘defendant should not be held to have waived [a sentencing] issue if he did not have a reason to raise it at his original sentencing.’” United States v. Ticchiarelli, 171 F.3d 24, 32 (1st Cir.1999) (quoting United States v. Whren, 111 F.3d 956, 960 (D.C.Cir.1997)). Cf. United States v. Jennings, 83 F.3d 145, 151 (6th Cir.), amended by 96 F.3d 799 (6th Cir. 1996) (allowing de novo sentencing after remand); United States v. Atehortva, 69 F.3d 679, 685 (2d Cir.1995) (same). The determination of whether a defendant had *854 a sufficient incentive to raise an issue in earlier proceedings requires a “fact-intensive, case-by-case analysis.” Ticchiarelli, 171 F.3d at 33.
The record in this case amply demonstrates why Jones had no reason to raise the § 851 issue during his first sentencing and appeal. At trial the district court rejected Jones’s request for a special verdict form that would have allowed the jury to specify whether it was convicting him and his co-defendants of a heroin conspiracy, a marijuana conspiracy, or both. As a result, the jury returned a general verdict that did not specify drug type. At Jones’s initial sentencing, the district court sentenced him for conspiracy involving heroin. After concluding that at least 100 grams of heroin were sold, and adding points for Jones’s distribution of drugs in a detention facility, for his obstruction of justice, and for his role in the conspiracy, the district court sentenced Jones to 210 months imprisonment, or 17 1/2 years. See United States v. Jones, No. WMN-98-048, Sentencing Tr. at 77-98 (D.Md. Sept. 22, 1999). Section 841(b)(1)(B) of Title 21 subjects a defendant involved in the distribution of 100 grams or more of heroin to a minimum prison term of five years; if the defendant has a prior felony drug conviction, he is subject to a statutory enhancement that raises the minimum prison term to ten years, assuming the government complies with the requirements of § 851. At Jones’s original sentencing, the routine calculations under the sentencing guidelines allowed the district court to sentence Jones to 17 1/2 years in prison; thus, the question of enhancing the five-year minimum to a ten-year minimum did not come up. The court, in other words, used the guidelines to sentence Jones to more than ten years, and the government therefore did not need to rely upon Jones’s prior felony drug conviction to raise the five-year minimum to ten years. As a result, Jones had no reason to contest the untimely filing of the § 851 information at his original sentencing. See Ticchiarelli, 171 F.3d at 33 (“[W]aiver doctrine does not require that a defendant ... raise every objection that might have been relevant if the district court had not already rejected the defendant’s arguments.”). The § 851 issue was simply not in play when Jones was sentenced the first time, and he could not have been expected to raise the issue “in anticipation of the possibility that, upon remand, [it] might be relevant.” Jennings, 83 F.3d at 151.
Judge Williams nonetheless contends that the § 851 issue was relevant at Jones’s first sentencing. Ante at 849-850. She is correct that the presentence report used in Jones’s initial sentencing “note[d] that the government filed notice that the defendant is a second offender.” J.A. 189. The question, however, is whether the § 851 notice came into play at the first sentencing. It did not. The government did not rely on or even mention the § 851 enhancement because the district court sentenced Jones, based on the heroin conspiracy, to a term of imprisonment that exceeded the enhanced ten-year minimum. As a result, there was simply no reason for Jones to object to the untimeliness of the § 851 notice at the first sentencing. It is also correct, as Judge Williams notes, ante at 850, that Jones’s lawyer at his first sentencing referred to the government’s filing of “a notice of subsequent offender,” which would “double the penalty, and [Jones] would be exposed to ten years.” J.A. 101. That comment was made in passing shortly before the district court once again rejected (as it had at trial) Jones’s argument that the use of a general verdict was in error. See United States v. Jones, No. WMN-98-048, Sentencing Tr. at 9-16 (D.Md. Sept. 22,1999). At Jones’s second sentencing, the district court specifically found that this comment by Jones’s lawyer at his first sentencing did *855 not amount to a waiver of Jones’s right to challenge the untimely § 851 filing. J.A. 120. The district court was correct on this point. Finally, Judge Williams suggests that “a five-year mandatory maximum would certainly have been relevant” at Jones’s original sentencing. Ante at 848 n. 3. But as our decision in Jones I makes clear, see infra, the prospect of a five-year mandatory maximum for Jones arose only after our decision in Rhynes and the Supreme Court’s decision in Apprendi, both of which were decided after Jones’s initial sentencing. Jones could not have been expected at his initial sentencing to raise an issue that was not on the radar screen and was made relevant only by our decision on appeal. See Whren, 111 F.3d at 960 (concluding that “a defendant may argue at resentencing that the court of appeals’ decision has breathed life into a previously dormant issue”).
Because Jones had no reason to raise the § 851 issue at his original sentencing, it follows that he had no reason to raise it in his initial appeal. In fact, the government concedes that Jones did not raise the issue in his first appeal because “[s]imply stated, it was not at issue.” Appellee’s Br. at 12. Rather, in his first appeal Jones argued that the district court erred in using a general verdict form. He also argued that the court’s factual findings on drug quantity violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See Jones I, 17 Fed. Appx. at 244. In light of our opinion in United States v. Rhynes, 196 F.3d 207, 238-40 (4th Cir.1999), we agreed with Jones that the district court erred in using a general verdict form that did not distinguish between the marijuana and heroin conspiracies. The government, in fact, conceded the error and chose “the option of having Jones resentenced for conspiracy to distribute marijuana instead of retrying him.” Jones I, 17 Fed.Appx. at 245. As to Jones’s Apprendi argument, we agreed that “[t]he statutory maximum sentence for conspiracy to distribute marijuana without a jury finding of a specific threshold quantity of marijuana is five years imprisonment; the maximum sentence is ten years imprisonment if the defendant has a prior felony drug conviction.” Id. at 248. Accordingly, we vacated Jones’s sentence and remanded “for resentencing in accordance with the statutory maximum for the least-punished object of the conspiracy (distribution of marijuana).” Id. at 250. “Because the scope of our remand order reasonably encompasses those matters relevant to determining the appropriate [statutory maximum],” consideration of the § 851 issue at Jones’s resentencing was entirely appropriate. United States v. Henoud, 81 F.3d 484, 487 n. 8 (4th Cir. 1996). Cf. United States v. Husband, 312 F.3d 247, 250 (7th Cir.2002) (“[T]his court does not remand issues to the district court when those issues have been waived or decided.”). Thus, Jones was free to argue at his resentencing, as he did, that in his case the statutory maximum for the marijuana conspiracy was five years. I recognize that our Jones I opinion mentioned in passing that “[t]he government filed an information indicating that Jones has at least one prior felony drug conviction,” Jones I, 17 Fed.Appx. at 245, but we did not decide whether the § 851 information had been filed and served on a timely basis.
In sum, because Jones did not have any reason to raise the § 851 issue either at his first sentencing or in his first appeal, he did not waive the issue and therefore could raise it at his resentencing.
II.
Because Jones did not waive his right to object to the timeliness of the § 851 filing, I would consider the merits of this issue. The government filed the § 851 informa *856 tion after jury selection began, but before the jury was sworn. The district court concluded that its “best guess as to what the Fourth Circuit would conclude, is that what ‘before trial’ means in the context of this particular statute, means that in this particular case, filing and serving this notice before the jury was sworn, satisfies the statute. Whether that may be true in every situation is difficult to say.” J.A. 121. The court went on to say that Jones was aware of his prior conviction and that he suffered no prejudice by being served with notice after jury selection began. The meaning of “before trial” should not vary from case to case. We should choose one of two alternatives: before jury selection begins or before the jury is sworn. I would adopt the prevailing view and hold that “before trial” means before jury selection begins.
“[E]very court of appeals to have addressed this question [in a published opinion] has concluded that before trial means before jury selection begins (which is obviously also before the jury is sworn).” Kelly v. United States, 29 F.3d 1107, 1110 (7th Cir.1994), overruled on other grounds by United States v. Ceballos, 302 F.3d 679 (7th Cir.2002). See also United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir.1994); United States v. White, 980 F.2d 836, 842 (2d Cir.1992); Johnson, 944 F.2d at 407; United States v. Weaver, 905 F.2d 1466, 1481 (11th Cir.1990); United States v. Jordan, 810 F.2d 262, 268-69 (D.C.Cir.1987). But see United States v. Galloway, 57 F.3d 1071, 1995 WL 329242, at *8 (6th Cir. May 31, 1995) (unpublished) (concluding that “trial did not begin until the jury was sworn”). In Johnson the Eighth Circuit gave thorough consideration to the issue that Jones raises here— whether a § 851 notice is timely if it is filed after jury selection begins but before the jury is sworn. The Johnson court concluded that “section 851 requires filing before jury selection begins.” Johnson, 944 F.2d at 407. This interpretation was necessary, the court said, to “allow[ ] the defendant ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.” Id.Cf. United States v. Ferebe, 332 F.3d 722, 733 (4th Cir.2003) (indicating that for purposes of 18 U.S.C. § 3593(a)’s death notice requirement, “before trial” means before “the judge gavel[s] the trial’s voir dire to a start”). I agree and would adopt the rule followed by the Eighth Circuit (and at least five others) that before trial means before jury selection begins.
Judge Shedd argues that the interpretation of § 851 that I and many circuits adopt leads to “a striking inconsistency.” Ante at 851-852. According to Judge Shedd, “notice given after jury selection would be timely if the defendant ultimately pleads guilty, but untimely if the defendant elects to proceed to trial.” Id. I do not see a striking inconsistency here. Once a defendant decides to plead guilty, he no longer has the need “to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.” Johnson, 944 F.2d at 407. Specifically, if a defendant pleads guilty after jury selection, any damage to his trial strategy caused by the government’s untimely § 851 filing is no longer of consequence. However, if he continues with his trial, any damage done by the untimely filing is likely to remain.
Because the government here did not file the § 851 information before jury selection began, the district court was without authority to sentence Jones to double time (ten years) for the marijuana conspiracy conviction. See Ceballos, 302 F.3d at 691 (recognizing that “the government’s failure to satisfy the requirements of § 851(a) deprives the district court of authority ... to impose an enhanced sen *857 tence due to prior convictions”); see also Weaver, 905 F.2d at 1481 (“Even when the defendant is not surprised by the enhanced sentence, was aware from the outset that his previous conviction could lead to an enhanced sentence, never challenged the validity of the prior conviction, and admitted it at the sentencing hearing, the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information prior to trial.”) (emphasis added). Thus, the maximum prison sentence that Jones should face for the marijuana conspiracy is five years. I would therefore vacate his ten-year prison term and remand for the imposition of a sentence in accordance with the five-year statutory maximum.