UNITED STATES of America,
Plaintiff–Appellee,

v.

Armando RANGEL–RODRIGUEZ,
Defendant–Appellant.

No. 03–50495.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 2004.

Decided Sept. 9, 2004.

Esther O. Lemus, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Defendant Armando Rangel–Rodriguez appeals his conviction for smuggling illegal aliens for financial gain, transporting illegal aliens, and aiding and abetting the commission of these crimes. He argues that the district court erred by denying his motion for substitution of counsel. We agree. Accordingly, we reverse the conviction and remand for further proceedings. As the parties are familiar with the facts and procedural history, we will not recount them here.

We review a district court's denial of a motion for substitution of counsel for an abuse of discretion. *See United States v. Adelzo–Gonzalez*, 268 F.3d 772, 777 (9th Cir.2001). We apply three factors to determine whether a district court abused its discretion in denying a motion for substitution of counsel: (1) the adequacy of the district court's inquiry; (2) the extent of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

any conflict between the moving defendant and his attorney; and (3) the timeliness of the motion. *Id.*

The inquiry conducted by the district court was extremely limited. While it is not hard to understand why the motion received short shrift under the circumstances, the inquiry proved to be insufficient. "Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a sufficient basis for reaching an informed decision." *United States v. D'Amore,* 56 F.3d 1202, 1205 (9th Cir. 1995), *overruled on other grounds by United States v. Garrett,* 179 F.3d 1143, 1145 (9th Cir.1999) (en banc) (citation and quotation marks omitted). The court made essentially no inquiry into the nature and extent of the conflict between defendant and counsel. Instead, it only asked whether the motion had previously been brought before the magistrate judge. Upon learning that the motion had been denied by the magistrate judge, the court did not investigate further. In effect, the court assumed that the denial by the magistrate judge was enough to establish that the motion lacked merit.

The second factor is the extent of conflict between the defendant and his attorney. The record supports defendant's contention that there was a conflict between the defendant and his attorney that had led to a breakdown in communication. Rangel–Rodriguez so stated in his written motion. The hearing before the magistrate judge did not establish that there had not been a breakdown in communication between the defendant and counsel but focused more on the cause of the breakdown. The magistrate judge sought to persuade defendant that the attorney

had been doing a good job. Significantly, the magistrate judge denied the motion *without prejudice,* adding that "[i]f something else occurs, then feel free to come back." [1] In essence, the magistrate judge did *not* find that there had not been a breakdown between the defendant and the attorney, but rather concluded that the attorney had performed competently and that the defendant should trust the attorney and be able to work with him as the case proceeded.

It does not appear that the relationship got better, however. Because the district court did not inquire further when the motion was renewed, there is no record regarding the condition of the relationship at that time beyond the statement of defendant's attorney. That attorney's statement suggested, however, that the attorney himself agreed that there had been a breakdown between himself and his client. At this point, we cannot assume to the contrary. Without knowledge of the facts which might have been revealed by a more careful inquiry, the district court could not have had a "sufficient basis for reaching an informed decision," *United States v. McClendon,* 782 F.2d 785, 789 (9th Cir. 1986), and we do not have a sufficient basis for concluding that there was not a problem.

The third factor, the timeliness of the motion, is the factor which the district court ultimately relied upon to deny the motion, and it weighs heavily against defendant here, but that alone is not dispositive. *Adelzo–Gonzalez,* 268 F.3d at 780. The fact that the motion was brought when it was did not justify its denial without further inquiry, when circumstances suggest that the inquiry may have revealed a legitimate basis for the request.

1. When the district court asked about the prior hearing before the magistrate, it was informed only that the motion had been heard and denied. It was not told any further details, including that the denial had been without prejudice.

As a result, we conclude that the denial of defendant's motion was an abuse of discretion.

**REVERSED AND REMANDED.**

KOZINSKI, Circuit Judge, dissenting.

If Rangel–Rodriguez wished to appeal the magistrate judge's denial of his motion to the district court, he should have done so before the morning of trial. The dis-trict court did not abuse its discretion by refusing to reconsider the magistrate judge's decision at that late date.