**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando RANGEL–RODRIGUEZ, aka**
**Flaco, Defendant–Appellant.**

No. 06–50519.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed Feb. 22, 2008.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., Law Offices of Timothy A. Scott, APC Old City Hall Building, San Diego, CA, for Defendant–Appellant.

Before: HALL, GRABER, and BERZON, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Armando Rangel–Rodriguez was convicted, after a jury trial, of five counts of bringing undocumented aliens to the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and five counts of transporting undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). He appeals his conviction on the "bringing to" counts and certain aspects of his sentence.

■ 1. Rangel–Rodriguez first challenges the jury instruction that the crime of bringing an alien to the United States continues until the alien reaches his immediate destination. As he did not object to the instruction below, we review for plain error. FED. R. CRIM. P. 52(b).

The government concedes that, under *United States v. Lopez*, 484 F.3d 1186, 1194 (9th Cir.2007) (en banc), issued after Rangel–Rodriguez's conviction and sentencing, the instruction is error that is plain.

■ Rangel–Rodriguez's substantial rights were affected if there is a "reasonable probability" that the error affected the outcome of the trial. *United States v. Dominguez Benitez*, 542 U.S. 74, 82–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); *see also United States v. Sine*, 493 F.3d 1021, 1038 (9th Cir.2007) (substantial rights affected where "the error may well have affected the outcome of the trial"); *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) (substantial rights affected where "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding" (internal quotation marks and quota-

tion source omitted)). Here, the jury specifically requested clarification of the erroneous instruction, asking whether "immediate destination" meant the location where Rangel–Rodriguez's drivers picked up the aliens or the final destination the alien intended to reach in the United States. The district court instructed the jury that the latter was the appropriate standard. This exchange strongly suggests that the jury relied on the erroneous instruction in reaching its verdict.

The government argues that the erroneous instruction was nonetheless harmless because the evidence at trial showed that Rangel–Rodriguez organized drivers to transport aliens who had recently crossed the border into the United States. Accordingly, maintains the government, he must have coordinated in some fashion with the organizer of the border-crossing operation and thus aided and abetted that crime.

Whether or not this evidence would suffice to establish an aiding and abetting offense, an issue left open in *Lopez*, 484 F.3d at 1201 n. 19, there is a reasonable probability that the jury did not reach its conclusion on that basis. Instead, it is much more likely on the instructions given that the jury regarded the border-crossing offense as still ongoing at the time Rangel–Rodriguez's drivers began transporting the aliens. Indeed, we know that the jurors did in fact focus on that aspect of the case, as they asked for clarification of the "immediate destination" language in the instructions. In contrast, there was no specific instruction permitting the jury to find aiding and abetting because of encouragement or inducement alone, and the record did not contain any communication between Rangel–Rodriguez and the smugglers before the "bringing to" offense was completed. Under these circumstances,

whether or not there was sufficient evidence to allow the jury to convict on the government's alternate theory, there is a reasonable probability that the instructional error affected the actual outcome of the trial. *See United States v. Oaxaca*, 233 F.3d 1154, 1158 (9th Cir.2000) ("There is a striking difference between appellate review to determine whether an error affected a judgment and the usual appellate review to determine whether there is substantial evidence to support a judgment." (quoting *Standen v. Whitley*, 994 F.2d 1417, 1423 (9th Cir.1993))).

Because there is a reasonable probability that the instructional error was responsible for Rangel–Rodriguez's conviction of the five "bringing to" counts, the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration in original, internal quotation marks omitted). We therefore exercise our discretion to reverse the convictions on these counts.

2. Rangel–Rodriguez also raises certain challenges to his sentence. As a result of our disposition on the five "bringing to" counts, he will be re-sentenced. The parties concede that the sentencing issues may or may not arise again after re-sentencing. We thus decline to reach these issues.

The convictions for five counts of violating 8 U.S.C. § 1324(a)(2)(B)(ii) are REVERSED and REMANDED for a new trial.