**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50296 |
| Plaintiff - Appellee, | D.C. No. 3:02-cr-03220-W-1 |
| v. | |
| ARMANDO RANGEL-RODRIGUEZ, AKA Flaco, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted February 15, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

After two successful appeals of the charges against him, Appellant Armando

Rangel-Rodriguez was resentenced to 188-months custody for his conviction on five

counts of transporting undocumented aliens within the United States in violation of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

8 U.S.C. § 1324(a)(1)(A)(ii).[1]  Rangel-Rodriguez now appeals his sentence, arguing: (1) that the district court violated his Fifth Amendment right to due process by vindictively sentencing him to a higher sentence after his successful appeal; (2) that the district court miscalculated his criminal history category under the U.S. Sentencing Guidelines; (3) that the district court improperly calculated his offense level under the Guidelines by imposing an enhancement for the creation of a substantial risk of death or serious bodily harm, pursuant to U.S.S.G. § 2L1.1(b)(6), and an enhancement for transporting more than 100 aliens, pursuant to § 2L1.1(b)(2)(C); (4) that the district court improperly presumed the Guidelines range was reasonable; and (5) that the district court did not consider the relevant sentencing factors under 18 U.S.C. §

---

[1]Appellant successfully appealed his first jury conviction, *United States v. Rangel-Rodriguez*, 109 F.App'x 182 (9th Cir. 2004), and five of the counts for which he was convicted by a second jury, *United States v. Rangel-Rodriguez*, 267 F.App'x 679 (9th Cir. 2008).  The district court subsequently dismissed these five counts before the resentencing at issue here.

3553(a).[2]  We affirm.  As the parties are familiar with the facts and procedural history,

we will not recount them here except as necessary in the discussion below.

Appellant first contends that the district court violated his Fifth Amendment

right to due process by vindictively sentencing him to 188 months in custody, 20

months higher than the sentence he received following his first conviction.  The

district court stated on the record, however, that the increase was the result of a

recalculation of Appellant's criminal history category due to a separate conviction for

which Appellant was sentenced while his first conviction here was on appeal.  *See*

*United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (requiring the

district court to correctly calculate the Guidelines range); *United States v. Klump*, 57

---

[2]In a supplemental pro se brief filed after his opening and reply briefs, Appellant raised two additional issues: (1) whether the district court improperly considered non-credible testimony at sentencing; and (2) whether the Government committed prosecutorial misconduct by pressuring a witness not to testify on Appellant's behalf at sentencing.  These newly raised issues lack merit.  There is no evidence to suggest that the district court erred in allowing the disputed testimony.  *See United States v. Sanchez-Lopez*, 879 F.2d 541, 557 (9th Cir. 1989) (citing 18 U.S.C. § 3742(e)) (holding that in reviewing a sentence under the Guidelines, we must give "due regard to the opportunity of the district court to judge the credibility of the witnesses").  Appellant also proffers no evidence to support his allegation that the Government pressured a witness not to testify on his behalf.

3

F.3d 801, 803 (9th Cir. 1995) (finding that at resentencing upon remand, a district court may consider a sentence imposed in a separate case in recalculating the Guidelines range, so long as the separate conviction is not based on post-sentencing conduct). Because the district court's reasons for imposing a higher sentence "affirmatively appear" in the record, Appellant fails to establish that a presumption of vindictiveness applies. *Alabama v. Smith*, 490 U.S. 794, 798 (1989). Further, the district court sentenced Appellant to the low end of the Guidelines range at each sentencing, and stated on the record its reasons for declining to exercise its discretion to go below the Guidelines range at resentencing. Accordingly, there is no reasonable likelihood that the increase in Appellant's sentence was the result of actual vindictiveness. *See United States v. Garcia-Guizar*, 234 F.3d 483, 489–90 (9th Cir. 2000).

Second, the district court did not miscalculate Appellant's criminal history category at resentencing by increasing his criminal history score by two points because of his subsequent sentence. Absent express limitations set by the appellate court, resentencing is conducted de novo, allowing the district court to "'consider any matter relevant to the sentencing.'" *Id.* at 490 (quoting *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995) (per curiam)). Because Appellant's original conviction was reversed and remanded for retrial, the district court did not err in recalculating

Appellant's criminal history points to include the intervening sentence, rather than relying on his prior criminal history score that only counted the separate offense as a conviction. *See Klump*, 57 F.3d at 803; *United States v. Rivera-Gomez*, 626 F.3d 1129, 1133 (9th Cir. 2010) ("[I]f the conduct underlying the prior sentence is not relevant to the crime of conviction, then the prior sentence must be included as part of the defendant's criminal history score." (citing U.S.S.G. § 4A1.1)).

Third, the district court did not err in applying sentencing enhancements under U.S.S.G. § 2L1.1(b)(6) and (b)(2)(C). There was credible evidence in the record that a driver working at Appellant's direction transported aliens in the trunk of a car, which is a dangerous circumstance specifically identified in the Guidelines commentary notes. U.S.S.G. § 2L1.1(b)(6) cmt. n.5. *See also Stinson v. United States*, 508 U.S. 36, 38 (1993) (noting that the commentary in the Guidelines is authoritative). There is no evidence suggesting that the aliens were not confined in the trunk. *Cf. United States v. Torres-Flores*, 502 F.3d 885, 890–91 (9th Cir. 2007) (distinguishing the Guidelines commentary where aliens were not confined in the trunk). Because Appellant was the leader of the smuggling operation and orchestrated the transportation used, the conduct of his drivers was reasonably foreseeable, supporting the application of the risk enhancement to Appellant. *See* U.S.S.G. § 1B1.3(a)(1)(B). There was also substantial evidence that drivers acting under

Appellant's direction transported more than 100 aliens, supporting an enhancement under § 2L1.1(b)(2)(C). Accordingly, the district court did not abuse its discretion in applying these sentencing enhancements.

Finally, there is no indication that the district court improperly presumed the Sentencing Guidelines to be reasonable or failed to consider the relevant sentencing factors under 18 U.S.C. § 3553(a). At resentencing, the district court expressly stated that the Sentencing Guidelines were not mandatory, that the factors under § 3553(a) were guiding its decision, and that a custodial sentence of 188 months was reasonable "based on the totality of [Appellant's] conduct in the case." Accordingly, the district court did not commit significant procedural error in resentencing Appellant. *See Carty*, 520 F.3d at 990–93. In light of the district court's consideration of the factors under § 3553(a), we also find that the imposition of a within-Guidelines sentence expressly based upon the totality of Appellant's conduct was not substantively unreasonable. *See id.* at 995–96.

**AFFIRMED.**