# United States Court of Appeals

## For the First Circuit

No. 06-1815

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN M. CRUZADO-LAUREANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Torruella, Circuit Judge,
Baldock,* Senior Circuit Judge,
and Lipez, Circuit Judge.

Alexander Zeno for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
Rosa Emilia Rodriguez-Velez, United States Attorney, and Nelson
Pérez-Sosa, Assistant United States Attorney, were on brief, for
appellee.

June 4, 2008

_____

     * Of  the  Tenth  Circuit  Court  of  Appeals,  sitting  by
designation.

**LIPEZ**, **Circuit Judge**.  In two prior appeals to this court, appellant Juan Manuel Cruzado-Laureano ("Cruzado") successfully raised claims that required remand to the district court for recalculation of his sentence.  A third sentencing hearing was held in April 2006, nearly four years after Cruzado was convicted on corruption-related charges.  He now attempts a new round of challenges to his sixty-three month term of imprisonment and the related imposition of restitution and a fine.  Finding no merit in any of these claims, we affirm all aspects of his sentence.

**I.**

The factual background of appellant's crimes was fully detailed in our two prior opinions.  See United States v. Cruzado-Laureano, 440 F.3d 44, 45 (1st Cir. 2006) ("Cruzado II"); United States v. Cruzado-Laureano, 404 F.3d 470, 473-79 (1st Cir. 2005) ("Cruzado I").  It suffices to say here that Cruzado, the former mayor of Vega Alta, Puerto Rico, was convicted by a jury in June 2002 on charges of embezzlement, extortion, money laundering and witness tampering stemming from conduct undertaken while he was in office, including demanding kickbacks on municipal contracts.  The district court imposed a 63-month term of imprisonment and a $10,000 fine, and subsequently ordered Cruzado to pay restitution in the amount of $14,251.82.

-2-

In his first appeal, we rejected various challenges to his conviction, but remanded for resentencing because the district court had applied the wrong version of the Sentencing Guidelines. After a new calculation on remand, the court again imposed a 63-month term, which was the bottom of the new Guidelines range of 63-78 months, and reinstated the same fine and restitution amounts. See Cruzado II, 440 F.3d at 47. Cruzado filed a second appeal challenging the district court's application of several Guidelines provisions. We detected a single flaw – that the court erroneously had applied an enhancement for abuse of a position of public trust under U.S.S.G. § 3B1.3. Id. at 48-49. We therefore again remanded for resentencing, noting that "we do not intend to intimate that the length of the sentence should necessarily be changed." Id. at 50. We also stated that Cruzado's challenges to the district court's imposition of restitution, a fine and supervised release were "too perfunctory . . . to permit us to evaluate the merits of those aspects of his punishment," citing our well established precedent that issues "'unaccompanied by some effort at developed argumentation[] are deemed waived,'" Id. at 47 n.7 (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

A third sentencing hearing was held on April 26, 2006. Cruzado and the government agreed on the criminal history category (I) and the total base offense level (24), which resulted in a Guidelines range of 51 to 63 months of imprisonment. Cruzado

-3-

argued at the hearing that the district court could reconsider all aspects of his sentence, including restitution, because the appeals court had not explicitly limited the remand to a reassessment of the correct term of imprisonment without the abuse-of-trust enhancement. He also sought to present witnesses to prove that he was "actually innocent," that he had been subject to malicious prosecution, and that there were no victims of his crime – and hence no need for restitution – because no loss had occurred. The district court determined that it could consider only the appropriate sentence within the applicable Guidelines range. It agreed, however, to hear character testimony from four witnesses, and it allowed Cruzado to submit the questions his counsel had planned to ask of those witnesses and the five additional witnesses he had wanted to call. At the conclusion of the hearing, the court again imposed a 63-month term and also re-imposed the same restitution ($14,251.82) and fine ($10,000).

Cruzado has once again appealed his sentence, raising five claims of error: (1) the district court improperly refused to conduct a de novo hearing; (2) even if a full de novo resentencing was barred, the court should have made new findings on the restitution and fine amounts because they are integral elements of every sentence; (3) the court impermissibly double-counted his lack of acceptance of responsibility; (4) appellant should have been allowed to present victim testimony in mitigation of his

punishment; and (5) bias on the part of the sentencing judge denied appellant due process, requiring resentencing before a different judge.  We briefly explain why each of these contentions fails.[1]

## II.

### A. Scope of Remand/Restitution and Fine

Appellant argues that the district court improperly limited the scope of his latest sentencing hearing to a decision on the appropriate term of imprisonment within the recalculated Guidelines range, which was corrected from 63-78 months to 51-63 months.  Cruzado asserts that resentencings after remand should be conducted as de novo proceedings and that his entire sentence – including the amount of restitution – was therefore open to reconsideration.  Although some circuits do generally allow de novo resentencing on remand, see, e.g., United States v. Duso, 42 F.3d 365, 368 (6th Cir. 1994); United States v. Smith, 930 F.2d 1450,

---

[1] Although Cruzado has completed serving his term of imprisonment, this appeal has not become moot because of his challenges to the amounts of restitution and fine. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that appeal of a conviction is rendered moot upon expiration of sentence unless defendant alleges some continuing "'collateral consequence'"); United States v. Molak, 276 F.3d 45, 48-49 (1st Cir. 2002) (noting that restitution order provides a pecuniary interest in the outcome of the appeal, avoiding mootness).  In addition, if Cruzado were to succeed with a claim that his sentence was improperly calculated, his three-year period of supervised release could be reduced on remand. See, e.g., United States v. Verdin, 243 F.3d 1174, 1178 (9th Cir. 2001) (finding that defendant's sentencing appeal was not moot because, "[i]f he were to prevail . . . he could be resentenced to a shorter period of supervised release").

-5-

1456 (10th Cir. 1991), the First Circuit does not.  In <u>United States</u> v. <u>Ticchiarelli</u>, 171 F.3d 24 (1st Cir. 1999), we held:

> "[U]pon a resentencing occasioned by a remand, unless the court of appeals [has expressly directed otherwise], the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision – whether by the reasoning or by the result."

<u>Id.</u> at 32 (quoting <u>United States</u> v. <u>Whren</u>, 111 F.3d 956, 960 (D.C. Cir. 1997)).

Appellant acknowledges this precedent, which gives the panel remanding the case for resentencing the responsibility for altering the normal scope of the new sentencing hearing.  Hence, he appears to concede that the issue of de novo resentencing is not, as a general principle, properly before us.  <u>See</u> <u>Naser Jewelers, Inc.</u> v. <u>Concord</u>, 513 F.3d 27, 36 (1st Cir. 2007) (noting that a subsequent panel lacks power to overrule the decision of an earlier panel).  The issue is raised, he explains, to preserve it for en banc and Supreme Court review.

However, as a separate challenge, he contends that restitution and a fine are such "integral" parts of a sentence that, even in a remand limited to correcting the abuse-of-trust error, they are within the exception carved out in <u>Ticchiarelli</u> for matters "'made newly relevant by the court of appeals' decision.'" 171 F.3d at 32.  In effect, he argues that whenever a court

resentences a defendant, it must reconsider any related restitution and fine.

This attempt to avoid the holding in Ticchiarelli is unavailing in this case. Cruzado contested restitution at his second sentencing hearing and challenged both restitution and the fine in his prior appeal. However, as noted above, we deemed those challenges waived because the claims were inadequately developed. The need to correct the abuse-of-trust error has not given new merit to his opposition to those assessments. In this appeal, he argues that restitution was improper because no victim had a loss and that the fine was improper because he had no resources to pay it. These assertions are unrelated to the abuse-of-trust issue and had no relationship to the issue before the court on remand – the appropriate length of the sentence under the Guidelines. See, e.g., United States v. Elizondo, 475 F.3d 692, 697 (5th Cir. 2007) (holding that a remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), did not re-open the issue of restitution).

Cruzado also suggests that, given the lower base offense level resulting from his second appeal, the district court should have considered imposing lower amounts of restitution and fine. However, defense counsel acknowledged at the sentencing hearing that the fine imposed, $10,000, was the lowest point of a range that went up to $500,000. The restitution order was based on

specific findings of loss and not on Guidelines sentencing ranges. Because neither the amount of restitution nor the size of the fine was "'made newly relevant by the court of appeals' decision,'" appellant is not entitled to another opportunity to assert these claims. Ticchiarelli, 171 F.3d at 32 (quoting Whren, 111 F.3d at 960).

The district court therefore properly limited the scope of the latest sentencing hearing to consideration of the appropriate sentence within the applicable Guidelines range, and our review is likewise restricted to issues related to appellant's term of imprisonment.

## B. Double Counting of Failure to Express Remorse

Appellant argues that the district court improperly considered his lack of remorse in deciding to re-impose a 63-month term of imprisonment, which had become the high end of the applicable Guidelines range after the court eliminated the erroneous two-level enhancement for abuse of trust. At his previous sentencing, 63 months was the low end of the applicable range. Appellant contends that using his lack of remorse to justify a high-end sentence amounted to impermissible double-counting because his refusal to admit guilt already was taken into account when he did not receive a decrease in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

This contention also is foreclosed by First Circuit precedent. In United States v. Paz Uribe, 891 F.2d 396, 400 (1st Cir. 1989), we rejected the appellant's claim that the district court erred by twice considering his failure to accept responsibility. The appellant had argued that improper double counting occurred when the court considered his denial of responsibility in sentencing him at the top of the applicable Guidelines range given that the range had been "premised on there being no acceptance of responsibility." Id. We noted that the district court has discretion to tailor a sentence to the individual defendant and the circumstances of his offense, and concluded that, "in the absence of an acceptance of responsibility," the court properly selected the high end of the Guidelines range "[d]ue to the substantial amount of cocaine involved." Id.

We thus recognized in Paz Uribe that lack of remorse may permissibly serve two different functions under the Guidelines: to disqualify a defendant from receiving a reduction in offense level for acceptance of responsibility and as a factor in determining the defendant's particular sentence within the Guidelines range. The district court's ruling here also properly reflected that dual role. In explaining its choice of a sentence, the district court described appellant's offense as "serious" and "egregious," noted that his unlawful activity began "not even a year" after he had

taken office as mayor, and pointed to his attempt to tamper with three potential witnesses during the investigation. The court also observed that, despite opportunities for appellant to express remorse, "sadly, he has failed to do so." The court concluded its review of the circumstances as follows:

> So where should I sentence the defendant under these circumstances? I do think if we are going to consider the seriousness of what happened in this case and we are going to consider the state of affairs in this case as of today, the only thing to do, the only proper thing to do would be to sentence him at the same level we sentenced him before, which is the 63 months.

In other words, the court did not "increase" his sentence based on lack of remorse, but instead chose the sentence from within the recommended range that it deemed most suited to the defendant and his conduct.

The court's consideration of appellant's attitude toward the crime, as well as the serious nature of the offense, was appropriate under both the Guidelines and 18 U.S.C. § 3553(a), the statutory provision governing the imposition of a sentence. Guidelines § 1B1.4 provides:

> In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless

otherwise prohibited by law. See 18 U.S.C. § 3661.[2]

Section 3553 states that, "in determining the particular sentence to be imposed," the court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The statute also directs the court to consider, inter alia, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," id. § 3553(a)(2)(A), and the need "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C). Appellant's refusal to acknowledge that he committed criminal acts is information that falls well within both of these guiding provisions, giving relevant insight into his character and raising concerns about his respect for the law and his future conduct.

Appellant argues that, despite its seeming relevance, his lack of remorse is "prohibited by law" from being considered, see U.S.S.G. § 1B1.4, because reliance on his refusal to accept responsibility violates his constitutional right to maintain his innocence. We explicitly have rejected an equivalent argument – that the Guidelines provision allowing a reduction for acceptance

---

[2] Section 3661 provides: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

of responsibility places the defendant "in the unconstitutional dilemma of abandoning his right not to incriminate himself or risking a higher sentence." Paz Uribe, 891 F.2d at 400; see also United States v. De Jongh, 937 F.2d 1, 5 (1st Cir. 1991). The constitutional argument is no more persuasive here. "[N]ot every burden on a right or encouragement to waive a right is invalid," Paz Uribe, 891 F.2d at 400, and it is well established that lack of remorse is a proper consideration in sentencing, United States v. Johnson, 903 F.2d 1084, 1090 (7th Cir. 1990) (citing cases). See also United States v. Jahagirdar, 466 F.3d 149, 157 (1st Cir. 2006) (noting district court's reliance on lack of remorse, among other factors, in upholding sentence as reasonable); United States v. Thompson, 476 F.2d 1196, 1091 (7th Cir. 1973) ("A show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial.").

Accordingly, we find no error in the court's reliance on lack of remorse among the factors it considered in setting appellant's sentence at the high end of the applicable Guidelines range.[3]

---

[3]We note that the district court originally imposed a 63-month term of imprisonment at the first of appellant's three sentencing proceedings. At that time, the term was at the top of the Guidelines range the district thought applicable. At appellant's initial resentencing hearing, the government recommended that, even though 63 months was the low end of the correct range, the court "in all fairness, should go ahead and give him the minimum range of

-12-

## C. Mitigation Testimony

Appellant argues that the district court erred in restricting his presentation of testimony in mitigation of his punishment. He sought to present nine witnesses on various issues, including his innocence and the amount of restitution. Consistent with its ruling that the single issue before it was the appropriate term of imprisonment, the court allowed testimony only about appellant's character.[4] Defendant called four witnesses, only two of whom turned out to know him personally. They testified that appellant was "a good citizen," that he was "very devoted to the municipality," that he was, in general, "a good person," and, "if he made any mistakes or infractions, perhaps it was lack of orientation." In addition, his attorney submitted the questions he

---

this guideline which is 63 months." The prosecutor observed that it would be unfair to impose a higher sentence as a result of his successful appeal. The court accepted that recommendation, stating that "it would be a material injustice to a defendant who has done nothing other than to exercise his constitutional right to an appeal and trial, . . . to punish him for the fact that he ended up with a higher guideline." Thus, the record shows that the court has never viewed appellant as deserving a sentence at the low end of the applicable Guidelines range, having imposed a low-end sentence in the second sentencing hearing as a matter of fairness. Thus, the court's latest determination that the appropriate sentence is 63 months – which once again falls at the high end of the applicable range – does not indicate either a new or improper escalation in the court's perception of appellant's culpability or the appropriate penalty.

[4] Appellant argues that the amount of loss suffered by the victims was relevant to the determination of his sentence, as well as to restitution. However, testimony about loss at the sentencing hearing was unnecessary given that the court already had made a finding on loss in connection with the restitution order.

had wanted to ask all nine witnesses as well as the outline of the argument he intended to make if he had been allowed to fully question the proposed witnesses. The court thus had ample insight into defendant's concerns. Cruzado also gave a lengthy allocution in which he asserted that the case against him was fabricated by the government. In support of his statement, the court allowed him to submit an audit report from the municipality.

In claiming that the court's limitations on witness testimony violated his right to allocution under Fed. R. Crim. P. 32, appellant primarily relies on inapposite case law concerning the rights of defendants in death penalty cases. Federal Rule of Civil Procedure 32 does not give defendants the right to call witnesses in their behalf at sentencing. The rule only requires the court to allow the defendant and his attorney to speak. Fed. R. Crim. P. 32(i)(4)(A)(i), (ii);[5] see United States v. Rodriguez, 336 F.3d 67, 70 (1st Cir. 2003) ("It is a familiar rule that a criminal defendant, about to be sentenced, is not entitled to an evidentiary hearing on demand."); United States v. Heller, 797 F.2d

---

[5] Rule 32(i)(4) states, in relevant part:
(A) **By a Party**. Before imposing sentence, the court must:
     (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;
     (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence . . . .

41, 43 (1st Cir. 1986) ("Although the defendant must be given the chance to inform the court of any mitigating circumstances, he does not have the right to have others testify for him at a sentencing."). In the context of this case, the district court was more than generous in giving appellant an opportunity to comment on the appropriate sentence through witness testimony, his own statement, counsel's argument, and the supporting documents. He was entitled to no more.

## D. Judicial Bias

Appellant claims that he was denied due process at his resentencing hearing because the district judge was biased against him and should have disqualified himself. In support of this claim, appellant primarily relies on the district court's refusal to grant him bail pending the resentencing hearing, which was scheduled to occur after appellant already had been incarcerated for more than 51 months – the low point of the applicable Guidelines range. Appellant asserts that the denial of bail "could mean only one thing – [the judge] already knew that he would impose a sentence above the time already served. Hence he was clearly biased." Appellant also cites the district court's rulings on the scope of the appeal, the presentation of mitigation evidence, and the appropriateness of considering his lack of acceptance of responsibility. In addition, he refers in a footnote to disciplinary proceedings against his counsel that were processed by

the district judge in this case in his role as Chief Judge of the District, but that were initiated by two other judges.

These complaints do not remotely establish a due process violation. Recusal is required only when a judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and judges should not "recuse themselves lightly," United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000). See also id. at 46 ("[A] judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit."). The court's denial of bail pending the hearing is an insufficient indicator of bias, given that the sentencing range went up to 63 months and a higher non-Guidelines sentence could have been imposed. The court was familiar with the case, having presided over the trial and twice previously sentenced appellant; it reasonably could have anticipated that appellant's new sentence would not be at the bottom of the range. See In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (noting "the principle that a judge's rulings and statements in the course of proceedings before him or her rarely provide a basis for recusal under § 455(a)").

Moreover, the court did not ignore the timing issue. It ordered appellant's expedited transfer to Puerto Rico so that the hearing could take place as soon as possible. In addition, as described above, the judge did not have a closed mind about the term of imprisonment and stated that he would have considered a

-16-

lower sentence if appellant had expressed remorse. Finally, the fact that disciplinary complaints were filed by other judges against defense counsel is insufficient to taint a sentencing hearing that was, as we have discussed, properly conducted. Cf. United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) (holding that judge's own referral of counsel for disciplinary review was not a basis for questioning judge's impartiality); In re Cooper, 821 F.2d 833, 838 (1st Cir. 1987) (per curiam) ("Generally, clashes between court and counsel are an insufficient basis for disqualification . . . ."). We therefore reject appellant's contention that judicial bias caused a denial of his due process rights.

**Affirmed.**