**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4639**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

KIKI LEWIS SHERALD,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00117-MOC-1)

───────────

Submitted:  March 5, 2012            Decided:  March 15, 2012

───────────

Before KING, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Reggie E. McKnight, MCKNIGHT LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kiki Lewis Sherald pleaded guilty, pursuant to a plea agreement, to conspiracy to commit mortgage fraud and conspiracy to commit money laundering, and the district court sentenced him to thirty-seven months' imprisonment. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but asking this court to consider whether the Government engaged in misconduct by requesting a higher sentence in light of Sherald's allocution. Although informed of his right to file a pro se supplemental brief, Sherald has not done so. We affirm.

"[W]e review for plain error a prosecutorial misconduct claim that was not raised or presented to the trial court." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's remarks were improper and that "the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Lighty, 616 F.3d 321, 359 (4th Cir. 2010), cert. denied, 132 S. Ct. 451 (2011).

The Government's argument for a sentence at the top of the Guidelines range established after a two-level downward variance was not improper. In selecting a sentence, district courts are required to consider, among other factors, the

2

history and characteristics of the defendant as well as the need to reflect the seriousness of the offense and promote respect for the law. 18 U.S.C. § 3553(a) (2006). Accordingly, because the district court could consider Sherald's attempt to minimize the seriousness of his conduct, the Government was permitted to argue for a sentence based upon Sherald's apparent lack of remorse. See, e.g., United States v. Cruzado-Laureano, 527 F.3d 231, 237 (1st Cir. 2008).

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sherald, in writing, of the right to petition the Supreme Court of the United States for further review. If Sherald requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sherald. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED